# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Jeffrey Cole |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1929 | **DATE** | 1/26/2011 |
| **CASE TITLE** | Skip Evans vs. United States of America | | |

**DOCKET ENTRY TEXT**

Status hearing held and continued to 2/25/2011 at 10:00 a.m. Motion hearing held. The parties' oral motion for entry of Privacy Act Protective Order is granted. Enter Privacy Act Protective Order. Plaintiff's Motion to Compel [17] is moot pursuant to the agreements made on the record, and specified below. For specific rulings regarding the requests and interrogatories, please click the document link for the order in its entirety. The government will provide the documents on a rolling basis as they are received. Any future discovery motion must be preceded by strict compliance with L.R. 37 including its certification requirements and in strict compliance with the procedures prescribed in *Autotech Technologies Ltd. Partnership v. Automation Direct.com.*, 2007 W.L. 2736681 (N.D. Ill 2007). The parties are also advised that all future motion practice will be conducted against the backdrop of Judge Easterbrook's panel opinion in Rickles v. City of South Bend, Indiana, 33F.3d 785.786 (7th Cir. 1994): "'The great operative principle of Rule 37(a)(4) is that the loser pays.' Charles Alan Wright & Arthur R. Miller, 8 Federal Practice and Procedure Section 2288 at 787 (1970). Fee shifting, when the judge must rule on discovery disputes, encourages their voluntary resolution and curtails the ability of litigants to use the legal process to heap detriments on adversaries without regard to the merits of the claim."

■[ For further details see text below.]  Notices mailed by Judicial staff.

00:05 nfpt; 00:30 oah

## WRITTEN OPINION

Request 1 is agreed. To the extent that there is a disagreement based upon any claim of confidentiality I grant Request 1 and the materials will be produced pursuant to the protective order.

Request 4 is agreed to except to the extent that there is a privilege and that withheld documents fall within the privilege.

Interrogatory 8 shall be governed by the ruling on Request 4. In addition, to the extent that there are documents that contain statements, they may be produced in lieu of answering the interrogatory pursuant to Rule 33(d), Federal Rules of Civil Procedure. *See* discussion in *Fast Food Gourmet, Inc. v. Little Lady Foods, Inc.*, 2007 WL 2156665, 9 (N.D.Ill. 2007).

Interrogatory 6 is moot pursuant to the parties' agreement to a protective order which is being entered contemporaneously with this order.

Request 3 is moot pursuant to the parties' agreement and the documents sought shall be produced. In the event that documents cannot be found or have been destroyed, the government will have to explain their loss or destruction in an appropriate way, namely through sworn and comprehensive affidavits from individuals with

knowledge. The records to be produced pursuant to this request shall cover the time period 2008 to the present. The plaintiff is ordered to provide the government with the dates and places for any medical care the plaintiff received during this time period from any governmental agency or any private medical care provider. The parties' agreement thus far that medical records at V.A. facilities shall cover the time period 2008 to the present will be produced in their entirety, given the government's statement on the record that production of medical files in their totality would be easier than attempting to cull out specific documents.

The plaintiff is reminded that the discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. *Vakharia v. Swedish Covenant Hosp.,* 1994 WL 75055 at *2 (N.D.Ill.1994)(Moran, J.). "Parties are entitled to a reasonable opportunity to investigate the facts-and no more." *Id. See also Sommerfield v. City of Chicago,* 613 F.Supp.2d 1004, 1020 (N.D.Ill. 2009).
"[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." Hickman v. Taylor, 329 U.S. 495, 507 (1947). "'Discovery has limits and that these limits grow more formidable as the showing of need decreases. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 904 (7th Cir. 1981). The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.... Rule 26©. With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando,* 441 U.S. 153, 177 (1979). Failure to exercise that control results in enormous costs to the litigants and to the due administration of justice. *Cf. Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); Frank Easterbrook, *Discovery as Abuse,* 69 B.U.L.Rev. 635 (1989). *See Sommerfield v. City of Chicago,* 613 F.Supp.2d 1004, 1016 -1017 (N.D.Ill. 2009). These essential principles will govern any future disputes about relevancy.