UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SKIP EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 10 C 1929 |
| v. ) | |
| ) | Judge Darrah |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between the undersigned plaintiff, and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay the sum of $280,000, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agrees to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which he may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

2

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiff must obtain Court approval of the settlement at their expense. Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiff further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiff fails to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

8. Payment of the settlement amount will be made by government wire transfer as per the following:

| | | |
|---|---|---|
| A. | Name of Bank: | Signature Bank |
| B. | Street Address of Bank: | 191 North Wacker Drive |
| C. | City, State and Zip Code of Bank: | Chicago, Illinois 60606 (312) 506-3400 |
| D. | Federal Reserve Number: | 2-2662/0710 |
| E. | Routing Number: | 071026628 |
| F. | Name of Account: | IOLTA Escrow Account |
| G. | Account Number: | ▓▓▓▓▓▓ |

Plaintiff's attorney agrees to distribute the settlement proceeds to plaintiff.

3

9.  The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

11. This stipulation contains the entire agreement between the parties with respect to the subject of this litigation and supercedes all prior negotiations and writings regarding this matter. Any modification of this stipulation may be made only in a writing signed by or behalf of both parties.

4

12. Pursuant to Rule 41(a)(1)(A)(ii), the parties agree that this case is voluntarily dismissed with prejudice, each party to bear their own costs, expenses, and attorneys fees.

Attorney for defendant:

GARY S. SHAPIRO
Acting United States Attorney

By: *[signature]*
DONALD R. LORENZEN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5330
donald.lorenzen@usdoj.gov

Executed this ____ day of July, 2012.

Attorneys for plaintiff:

*[signature]*
STANLEY J. HELLER
Cirignani, Heller & Harman, LLP
150 South Wacker Drive, Suite 2600
Chicago, Illinois 60606

Executed this 16th day of July, 2012.

Plaintiff:

*[signature]*
SKIP EVANS
109 East Cobblestone
Kuttawa, Kentucky 22055

Executed this 13th day of July, 2012.

5